1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    KELVIN FULLER,                          1:08-cv-00465-LJO-GSA-PC

12                    Plaintiff,              FINDINGS AND RECOMMENDATION
                                              RECOMMENDING DENIAL OF PLAINTIFF'S
13          v.                                REQUEST FOR REMAND
                                              (Doc. 6.)
14    JAMES YATES, et. al.,
                                              OBJECTIONS, IF ANY, DUE IN 30 DAYS
15                    Defendants.
                                        /
16    _____

17    **I.      RELEVANT PROCEDURAL HISTORY**

18          Kelvin Fuller ("plaintiff") is a state prisoner proceeding pro se in this civil rights action

19    pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on December 17, 2007, at the

20    Fresno Superior Court.  On April 1, 2008, defendants Yates and Igbanosa ("defendants")

21    removed this action to federal court.  (Doc. 3.)  On June 2, 2008, plaintiff filed a request for the

22    court to remand this action to the Fresno Superior Court.  (Doc. 6.)  Defendants have not filed an

23    opposition.

24    **II.     REMOVAL**

25          Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the

26    plaintiff's complaint, and is properly removed only if "a right or immunity created by the

27    Constitution or laws of the United States [constitutes] an element, and an essential one, of the

28    plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

                                                    1

1   The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of

2   action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty

3   Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th

4   Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied,

5   421 U.S. 937 (1975).  However, under 28 U.S.C. § 1441(a), a defendant may remove from state

6   court any action "of which the district courts of the United States have original jurisdiction."

7   Federal courts "shall have original  jurisdiction of all civil actions arising under the Constitution,

8   laws, or treaties of the United States."  28 U.S.C. § 1331.

9          ***Well-Pleaded Complaint Rule***

10          "The presence or absence of federal-question jurisdiction is governed by the well-pleaded

11   complaint rule, which provides that federal jurisdiction exists only when a federal question is

12   presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v.

13   Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes

14   the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

15   reliance on state law."  Id.

16   **III.    DISCUSSION**

17          Plaintiff argues that this action should be remanded to the Fresno Superior Court in the

18   interest of judicial economy, because the case had already been placed on a case management

19   schedule at the superior court when defendants removed the case.  The Court has thoroughly

20   reviewed Plaintiff's complaint.  Although the complaint is primarily couched as claims under

21   California state tort law, plaintiff also alleges "violation of Plaintiff's [E]ighth Amendment right

22   to the United States Constitution...."  (Cmp. at 5.)  Plaintiff also uses language in the complaint

23   that describes the standard for inadequate medical care under the Eighth Amendment, alleging

24   that his injures are a result of "Defendants['] deliberate indifference to plaintiff's right to

25   adequate medical care and treatment."   Although such language, without more, is not enough to

26   confer federal jurisdiction, see The Fair, 228 U.S. at 25, here plaintiff also makes specific

27   reference to the Eighth Amendment and the United States Constitution. Therefore, the court finds

28   that the federal court has jurisdiction over the complaint, and the removal was proper.  As for

1  plaintiff's argument that the case should be remanded in the interest of judicial economy, this

2  argument is not a sufficient reason to remand the case.  As stated above, removal of an action

3  under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint.  <u>Gully</u>, 299 U.S.

4  at 112.  Accordingly, plaintiff's request for remand should be denied.

5  **IV.      CONCLUSION**

6          Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for

7  remand be DENIED.

8          These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

10  thirty days after being served with these findings and recommendations, plaintiff may file written

11  objections with the court.  Such a document should be captioned "Objections to Magistrate

12  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

13  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

14  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15

16      IT IS SO ORDERED.

17   **Dated:    January 28, 2009**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28