# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FULLER, | 1:08-cv-00465-LJO-GSA-PC |
| Plaintiff, | ORDER REINSTATING MOTION FOR REMAND ON COURT'S CALENDAR (Doc. 6.) |
| v. | |
| JAMES YATES, et. al., | ORDER ADOPTING FINDINGS AND RECOMMENDATION OF JANUARY 28, 2009 (Doc. 7.) |
| Defendants. | |
| | ORDER DENYING MOTION FOR REMAND (Doc. 6.) |
| _____/ | |

Kelvin Fuller ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on December 17, 2007, at the Fresno County Superior Court. On April 1, 2008, defendants Yates and Igbanosa ("defendants") removed this action to federal court. (Doc. 3.)

On June 2, 2008, plaintiff filed a motion for the court to remand this action to the Fresno County Superior Court. (Doc. 6.) On January 28, 2009, the Magistrate Judge issued findings and a recommendation, recommending denial of plaintiff's motion for remand be denied. (Doc. 7.) On March 5, 2009, plaintiff filed a motion for an extension of time to file objections to the findings and recommendation. (Doc. 8.) On March 10, 2009, the court granted the extension of time and vacated the motion for remand from the court's calendar pending the submission of plaintiff's objections. (Doc. 9.) On April 17, 2009, plaintiff filed objections. (Doc. 12.) On April 23, 2009, plaintiff filed an amended complaint, which awaits screening by the court. (Doc. 13.) Due to plaintiff's submission of the objections, the motion for remand shall now be reinstated on the court's calendar.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Plaintiff objects to the recommendation

1

to deny his motion to remand because he intends to remove all of the federal claims from the complaint so that the court will remand the case to the superior court. Plaintiff requests that the court review the amended complaint before ruling on the motion for remand.

The right to remove depends on plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939). Jurisdiction over a removed action must be analyzed on the basis of pleadings filed at the time of the removal without reference to subsequent amendments. Sparta Surgical Corporation v. National Association of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Moreover, a district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988). Thus, the district court can guard against forum manipulation if a plaintiff whose suit has been removed to federal court deletes all federal-law claims from the complaint and requests that the district court remand the case. Id.

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. The Magistrate correctly analyzed the court's jurisdiction over this action on the basis of the nature of plaintiff's complaint at the time of the removal.

Accordingly, THE COURT HEREBY ORDERS that:

1. The motion for remand, filed by plaintiff on June 2, 2008, is REINSTATED on the court's calendar;

2. The Findings and Recommendation issued by the Magistrate Judge on January 28, 2009, are ADOPTED in full;

3. Plaintiff's motion for remand is DENIED; and

4. The Court shall screen plaintiff's first amended complaint in due course.

IT IS SO ORDERED.

**Dated:   May 11, 2009**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE