**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FULLER,<br><br>             Plaintiff,<br><br>   v.<br><br>YATES, et al.,<br><br>             Defendants.<br>_____/ | 1:08-cv-00465-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S STATE LAW CLAIMS BE DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION, AND THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 18.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff Kelvin Fuller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 17, 2007, at the Fresno County Superior Court. (Doc. 2, Exh. 1.) On April 1, 2008, defendants James Yates and F. Igbinosa removed this action to federal court pursuant to 28 U.S.C. § 1441(b). (Doc. 2.) On April 23, 2009, Plaintiff filed the First Amended Complaint. (Doc. 14.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on September 8, 2009, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 16.) On November 23, 2009, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 18.)

1

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

**III.    SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California State Prison-Los Angeles, in Lancaster, California. At the time of the events at issue, Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Plaintiff names as defendants James Yates (Warden, PVSP), Dr. F. Igbinosa, and five unidentified Doe Defendants.

Plaintiff alleges that he suffers from asthma and sleep apnea. Plaintiff alleges that upon his arrival at the prison, defendants knew, or should have known, of the seriousness of his respiratory problems and his susceptibility to Coccodioides Immitus Fungus Spores, also known as Valley Fever spores. Plaintiff claims that defendants were negligent and deliberately indifferent when they received and housed him at a state prison facility which has one of the highest rates of Valley Fever infection in the United States. Plaintiff alleges that defendants failed to prevent, promptly diagnose, and treat Plaintiff when he contracted the disease known as Valley Fever, and as a result, the disease

developed into full-blown pneumonia in his lungs. Plaintiff suffered pain and long-term effects on his health. Plaintiff requests monetary damages as relief.

**IV.   PLAINTIFF'S EIGHTH AMENDMENT CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

In the Second Amended Complaint, Plaintiff states that defendants were negligent and deliberately indifferent because "defendants ... knew, or should have known, of the seriousness of plaintiff's pre-existing respiratory problems ... [and] the susceptibility of such an individual" to the contraction of Valley Fever. Plaintiff has not set forth sufficient factual matter to state a claim against any of the defendants. The Second Amended Complaint is devoid of any factual allegations

supporting a claim that prison officials knowingly disregarded a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847. Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060; and Plaintiff's reliance upon legal conclusions does not support a plausible claim for relief, Iqbal, 129 S.Ct. at 1949-50. Plaintiff fails to demonstrate that any individual defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). In fact, Plaintiff does not name, or refer to, any individual defendant in his recitation of allegations in the Second Amended Complaint. Thus, the Court finds that Plaintiff has not stated any viable claims under section 1983.

## V.   CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Based on the facts set forth in the Second Amended Complaint, the Court finds that further leave to amend is not warranted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court does not reach Plaintiff's state law claims because absent the existence of a viable federal claim, the Court lacks jurisdiction over the state claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). The Court finds that the state claims should be dismissed, without prejudice, and this action should be dismissed, with prejudice, for failure to state a claim under section 1983.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's state law tort claims be dismissed, without prejudice, for lack of subject matter jurisdiction;

2. This action be dismissed, with prejudice regarding Plaintiff's 1983 claim for failure to state a claim under § 1983; and

3.      This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 25, 2011**                     /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE