1

2

3

4

5

6

7                       IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KELVIN FULLER,                          1:08-cv-00465-LJO-GSA-PC

11             Plaintiff,                     ORDER GRANTING FINDINGS
                                              AND RECOMMENDATIONS IN PART
12        vs.                                 (Doc. 22.)

13   YATES, et al.,                           ORDER DISMISSING FEDERAL CLAIMS,
                                              WITH PREJUDICE, FOR FAILURE TO STATE A
14                                            CLAIM

15             Defendants.                    ORDER REMANDING STATE CLAIMS TO
                                              FRESNO COUNTY SUPERIOR COURT
16                                            [Case Number 07 CE CG 04211 AMS]

17                                            ORDER DIRECTING CLERK TO CLOSE CASE
                                              AND SEND NOTICE OF REMAND
18
     _____/
19

20        Kelvin Fuller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

21   pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant

22   to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        On March 25, 2011, findings and recommendations were entered, recommending that

24   Plaintiff's state claims be dismissed without prejudice for lack of jurisdiction; that this action be

25   dismissed with prejudice for failure to state a claim; and that the dismissal of this action count as a

26   strike pursuant to 28 U.S.C. § 1915(g).  (Doc. 22.)  On July 11, 2011, Plaintiff filed objections to the

27   findings and recommendations.  (Doc. 27.)

28                                             1

1    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court

2  has conducted a de novo review of this case.  Plaintiff's sole objection to the Magistrate Judge's

3  findings and recommendations is to the recommendation that Plaintiff's state claims be dismissed

4  from this action.  Instead of dismissing the state claims, Plaintiff requests that the Court remand the

5  claims to the Fresno County Superior Court, where this case originated before defendants removed it

6  to the federal court.

7    28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district

8  court lacks subject matter jurisdiction, the case shall be remanded."  This does not, however, compel

9  remand of cases in which federal question jurisdiction existed at the time of removal if the federal

10  claim is later dismissed.  Legislative history shows Congress intended that federal courts exercise

11  discretion whether to remand a case to state court after all federal claims are dismissed.  Albingia

12  Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 936 (9th Cir. 2003), *opinion amended*, 350

13  F.3d 916 (9th Cir. 2003).  Therefore, following dismissal of the federal claims, the federal court may

14  properly dismiss the action for lack of federal jurisdiction or remand the remaining state law claims

15  to state court.  Usually, remand is "preferable" to dismissal because it avoids any statute of

16  limitations problem and the time and expense of filing new pleadings in state court.  Carnegie-

17  Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 620 (1988).

18    Plaintiff filed the Complaint commencing this action on December 17, 2007, at the Fresno

19  County Superior Court, Case Number 07 CE CG 04211 AMS.  (Doc. 2, Exh. 1.)  On April 1, 2008,

20  defendants James Yates and F. Igbinosa removed the case to federal court pursuant to 28 U.S.C. §

21  1441(b).  (Doc. 2.)  The court reviewed the Complaint and found the case to be properly removed,

22  based on Plaintiff's claim for inadequate medical care under the Eighth Amendment.  (Docs. 7, 15.)

23  This case now proceeds on Plaintiff's Second Amended Complaint, filed on November 23, 2009.

24  (Doc. 18.)  The Magistrate Judge found that the Second Amended Complaint fails to state any viable

25  federal claims and recommended that the federal claims be dismissed with prejudice, leaving only

26  state law tort claims.  In light of this recommendation, the court finds good cause to remand the state

27  claims to the Fresno County Superior Court where they originated.

28

2

1        With respect to the Magistrate Judge's recommendation that the dismissal of this action count

2   as a strike pursuant to under 28 U.S.C. § 1915(g), the court finds no authority in the Ninth Circuit

3   that a case filed by a prisoner-plaintiff, such as Plaintiff, in state court and removed to federal court

4   by the defendants, is an action "brought" by a prisoner in a court of the United States, within the

5   meaning of § 1915(g).[1]  Therefore, the dismissal of this action shall not count as a strike against

6   Plaintiff under § 1915(g).

7        The court finds the balance of the findings and recommendations to be supported by the

8   record and proper analysis.

9        Accordingly, THE COURT HEREBY ORDERS that:

10      1.    The Findings and Recommendations issued by the Magistrate Judge on March 25,

11          2011, are adopted in part;

12      2.    Plaintiff's federal claims are dismissed from this action, with prejudice, for failure to

13          state a claim upon which relief may be granted under § 1983;

14      3.    Plaintiff's state tort claims are remanded to the Fresno County Superior Court; and

15      4.    The Clerk of Court is directed to close this case and serve notice of the remand.

16  IT IS SO ORDERED.

17  **Dated:    July 14, 2011**            _/s/ Lawrence J. O'Neill_
                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

---

25      [1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the *prisoner*

26  has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought an action* or appeal in a *court of the United States* that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

27  may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (emphasis added).

28